**Earl ALLEN, Jr., Appellant,**

v.

**NASH–FINCH COMPANY, Appellee.**

**No. 90–5326.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1991.

Decided March 7, 1991.

Lawrence Klemin, Bismarck, for appellant.

Richard Olson, Minot, N.D., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Earl Allen, Jr., appeals from the judgment of the United States District Court for the District of North Dakota,[1] granting,

---

**1.** The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

in part, the Nash–Finch Company's ("Nash–Finch") motion for a directed verdict. For the reasons discussed below, we hold that the district court correctly determined that the language of the lease was not ambiguous. *See* 8th Cir.R. 47B.

On January 20, 1961, Nash–Finch entered into a lease agreement with Allen, by which it agreed to lease a building that was part of a larger strip-type shopping center, named "Oak Park Center," owned by Allen in Minot, North Dakota. The lease had an original term of fifteen years and provided Nash–Finch with the option to extend the lease terms for two additional five-year periods, which it exercised. The annual rental payment included a base rent of $23,940, plus incidental payments for taxes and assessments. In addition, Nash–Finch agreed to pay Allen one percent of the annual gross retail sales that exceeded 2.1 million dollars.

Nash–Finch operated a grocery store under the name "Piggly Wiggly" on the leased premises from January 19, 1961, through April 4, 1982, at which time it moved its operations to another shopping center in Minot. During this period, the store's annual gross sales exceeded 2.1 million dollars only in the lease years ending January 19, 1976, through January 19, 1982. Nash–Finch made those required percentage rent payments. From April 4, 1982, until December 4, 1982, Nash–Finch operated a smaller grocery store on the leased premises under the name "Oak Park Grocery." In November 1982, Nash–Finch notified Allen that it was closing its Oak Park store, but continued to make the base rent payments until the second lease extension expired on January 19, 1986.

Allen initiated this action against Nash–Finch in a state district court in North Dakota, alleging breach of implied covenants of continued occupancy and good faith and fair dealing, as well as malicious and tortious destruction of his livelihood. Allen also sought to recover for unpaid real estate taxes and for physical damage to the leased property. Nash–Finch removed the case to federal court, on the grounds of diversity of citizenship, and counterclaimed for certain overpayments of utilities. The action was tried to a jury from May 16, 1990, through May 22, 1990. At the close of Allen's case, Nash–Finch conceded that it owed him $5,086.48 as stipulated damages for physical damage to the property and unpaid taxes, and moved for directed verdict on all of Allen's other claims. Nash–Finch also filed a motion to dismiss its counterclaim against Allen. On May 22, 1990, the district court granted Nash–Finch's motion for directed verdict, except as to physical damage, repairs and unpaid taxes, and entered judgment in Allen's favor in the amount of $5,086.48. The district court also dismissed Nash–Finch's counterclaim.

On appeal, Allen argues, among other things, that the district court erred in determining that there was no ambiguity in the language of the lease, which was silent with respect to whether Nash–Finch was required to continuously operate a supermarket on the leased premises, and thus in refusing to admit parol evidence of the parties' intent. We disagree. We find no error in the district court's determination that the language of the lease was not ambiguous. We need not address Allen's other claims concerning implied contractual obligations and damages. Accordingly, the judgment of the district court is affirmed. *See* 8th Cir.R. 47B.